IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **VINCENT EARL SAULS,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION V-07-12** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Vincent Earl Sauls ("Petitioner") has filed a petition for a writ of habeas corpus challenging the revocation of his release to mandatory supervision under 28 U.S.C. § 2254. Dkt. No. 1. The Respondent has filed a motion for summary judgment asserting that Petitioner's claims are now moot because he has been released to parole. Dkt. No. 20. After reviewing the pleadings, record, and applicable law, the Court finds that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

**Background**

Petitioner was sent to prison for burglary and robbery in 1984 and released to parole in 1986. Dkt. No. 20, Affidavit of Charley Valdez at 2. Petitioner's parole was revoked in 1995 and he was released to mandatory supervision in 2001. *Id.* Petitioner's mandatory supervision was revoked in 2006. *Id.* It is this latter revocation that Petitioner challenges with the present petition. Dkt. No. 1 at 7.

Petitioner was again released on parole in June, 2007, about five months after the Court

1

received the instant petition. *Id.* Petitioner remains on parole status. *Id.*

## Analysis

To reach the merits of an action, the Court must be satisfied that the action presents a case or controversy as defined by Article III. At a minimum, this requires that "the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Challenges to the validity of a conviction satisfy the case-or-controversy requirement because the incarceration or restrictions on parole constitute a concrete injury caused by the conviction and are redressable by the conviction's invalidation. *Id.*; *see also Sibron v. New York*, 392 U.S. 40, 55 (1968); *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). "Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole--some 'collateral consequence' of the conviction--must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. If the motion is attacking the validity of the criminal conviction itself, courts have been willing to presume continuing collateral consequences, despite the fact they may be remote and unlikely to occur. *Id.* at 7-8; *see also Carafas*, 391 U.S. at 237 (reasoning that a convicted felon's inability to vote in a state election or serve as a juror, among other collateral consequences, would prevent such a habeas challenge from being moot).

By contrast, challenges to a revocation of parole or mandatory supervision do not give rise to a presumption that collateral consequences exist for the purpose of creating an actionable case or controversy once a prisoner has been released. *Spencer*, 523 U.S. at 14. A petitioner challenging only the revocation, and not the underlying conviction, must affirmatively allege and demonstrate collateral consequences. *Id.*

Petitioner is here challenging only the revocation of mandatory supervision, and he has not alleged any collateral consequences of that revocation. Thus, his petition is moot, and must be dismissed.

## Certificate of Appealability

A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right or that reasonable jurists would find the Court's rulings to be debatable. Therefore, the Court denies the issuance of a certificate of appealability in this action.

## Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment is GRANTED and Petitioner's petition is DISMISSED. A Certificate of Appealability will not issue.

It is so ORDERED.

Signed this 9th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

3